IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMETRIA MARIE BARRETT,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICREDIT, INC.,<br><br>    Defendant. | Case No. 3:17-cv-3251-B |

### MOTION TO STAY OR IN THE ALTERNATIVE VACATE ALL PENDING DEADLINES

Defendant Medicredit, Inc. ("Medicredit"), moves this Court to stay or vacate all pending deadlines:

**CERTIFICATE OF CONFERENCE:** Pursuant to Local Rule 7.1, undersigned counsel conferred with Nathan Volheim who indicated that he does not oppose the relief requested in this motion.

1. Contemporaneous with the filing of this Motion, Medicredit filed Suggestions of Death noting on the record that Plaintiff Demetria Marie Barrett passed away on or about December 18, 2017. As such, if no motion to substitute is filed by Monday, March 4, 2019, this case must be dismissed. F.R.C.P. 25(a)(1).

2. Medicredit had previously noticed the deposition of Plaintiff for December 6, 2018, but on December 4, 2018, counsel for Plaintiff indicated that he believed she had passed away.

3. The current deadline for completion of discovery is December 7, 2018.

4. The dispositive motion deadline is December 18, 2018. *See* Doc. 18.

5.      The parties' pre-trial materials are also due on March 4, 2019; the pre-trial conference is set for March 15, 2019 (with the parties exchanging exhibits by March 13, 2019); and trial is scheduled to commence March 18, 2019.  *See* Doc. 18.

6.      Because Plaintiff is deceased, counsel for Plaintiff no longer has an attorney-client relationship with the decedent and therefore cannot participate in this case. *See Murphy v. Murphy*, 21 S.W.3d 797, 798 (Tx. App. 2000) ("...it is well established that an attorney-client relationship terminates upon the death of the client.").

7.      For the same reason, Defendant cannot conduct further discovery on Plaintiff.

8.      And because nearly one year has passed since Plaintiff's death with no estate or other probate matter opened for her in that and without anyone seeking to substitute in this case, it is highly unlikely that any party will timely be substituted.  As such, the most likely outcome of this case is that it will be dismissed pursuant to F.R.C.P. 25(a)(1).

9.      Accordingly, good cause under F.R.C.P. 16(b)(4) exists to stay or vacate all pending deadlines, including the pre-trial conference and trial date.  Doing so will save Defendant considerable cost and expense to prepare a dispositive motion and to prepare for a trial in a case that will not be able to proceed.

10.     This Court, therefore, should stay, or in the alternative vacate, all pending deadlines, including the pre-trial conference and trial date

WHEREFORE Defendant Medicredit, Inc. requests this Court grant his Motion and stay, or in the alternative vacate, all pending deadlines, including the pre-trial conference and trial date.

Dated: December 5, 2018.

                                                                Respectfully submitted,

        s/Jacob F. Hollars
Jacob F. Hollars, #50352 (CO)
Admitted *pro hac vice*
Spencer Fane LLP
1700 Lincoln St., Suite 2000
Denver, CO 80203
Phone: (303) 839-3800
Facsimile: (303) 839-3838
Email: jhollars@spencerfane.com

And

Jeremy W. Hays, #24083156
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
8117 Preston Rd., Suite 500
Dallas, TX 75225
Phone: (214) 987-3800
Facsimile: (214) 987-3927
Email: Jeremy.hays@ogletreedeakins.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certificate that on December 5, 2018, a true and accurate copy of the foregoing was served on all counsel of record by the Court's CM/ECF system.

s/Jacob F. Hollars
Jacob F. Hollars
